FILED
JAN 15 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEREMY MACGREGOR, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN MCTIGHE, TIM FOX, <br><br> Respondents. | CV 18–58–H–DLC–JTJ <br><br> ORDER |

Before the Court is Inmate Jeremy MacGregor's ("MacGregor") petition for habeas corpus. (Doc. 1.) On October 26, 2018 United States Magistrate Judge John Johnston entered his Order and Findings and Recommendations recommending that MacGregor's petition be denied. (Doc. 7.) MacGregor timely objected and is therefore entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Because the parties are familiar with the factual and procedural background, it will only be restated as necessary to understand this order. For the reasons explained, the Court adopts the Findings and Recommendations in full.

## DISCUSSION

On habeas review, this Court applies the deferential standard imposed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and may not reverse a state court decision unless the state's adjudication on the merits (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

MacGregor claims that appellate counsel violated his right to effective assistance by failing to request an over-length brief to raise certain claims on direct appeal. "The due process clause of the fourteenth amendment guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right." *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir. 1989)). When a court reviews a claim for ineffective assistance of counsel whether on direct appeal or collateral review, it does so under the standard put forth in *Strickland v. Washington*, 466

U.S. 668 (1984). *Moormann*, 628 F.3d at 1106. This inquiry has two steps:

> First, the petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. Second, the petitioner must show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal.

*Id.* (internal citations omitted).

In assessing counsel's performance, courts are instructed to "indulge in a strong presumption that counsel's conduct f[ell] within the wide range of professional assistance." *Strickland*, 466 U.S. at 689.

Judge Johnston recommended dismissing MacGregor's habeas petition, finding that it did not survive deferential review under AEDPA. In response, MacGregor raised nine objections. The Court will address each below.

### I. Indictment by Grand Jury and Preliminary Hearing

In his petition, MacGregor claimed his due process rights were violated when: (1) his request for a preliminary hearing was denied and the trial court made no determination that MacGregor waived this right; (2) he was charged with a felony according to state procedure (as opposed to indictment by grand jury); and (3) his right to a fair trial was violated when the prosecutor and trial judge "participated in the accusatory process," by signing documents related to the

criminal charge then failing to recuse themselves. (Doc. 1 at 4, 5, 8.)

Judge Johnston determined that appellate counsel's performance was not deficient for failing to raise plainly frivolous claims. (Doc. 7 at 12–14, 13 n.7 (collecting cases).) MacGregor objects, first by arguing that he is entitled to an evidentiary hearing to develop the factual record. (Doc. 8 at 11–3.) This objection misconstrues the nature of Judge Johnston's determination—Judge Johnston found that MacGregor's claims lacked a cognizable legal theory not factual support. MacGregor next seeks to clarify that his due process rights were violated when the prosecutor failed to recuse himself after a conflict of interest developed in the case. (Doc. 8 at 5–6.) As already explained, there is no conflict of interest where a prosecutor makes a sworn statement during the charging process. (Doc. 7 at 12–13.)

Lastly, MacGregor claims that the Findings and Recommendations did not fully appreciate the biased nature of the trial judge and its impact on the fairness of MacGregor's trial. (Doc. 8 at 7–8.) While the factual basis for this claim was not well developed in MacGregor's federal habeas petition, this claim was addressed by the state court. There, the court determined that MacGregor failed to substantiate this argument with anything other than conclusory allegations, which does not satisfy the high standard put forth in *Strickland v. Washington*. *MacGregor v. State*, 392 Mont. 551, ¶ 12–13 (Mont. 2018) (unpublished);`

-4-

(Doc. 7-1 at 24–26.)

This Court agrees that MacGregor's unsubstantiated claims of bias do not satisfy a petitioner's heavy burden to show that appellate counsel's performance was deficient for failing to brief the issue. Having reviewed MacGregor's claims de novo, the Court adopts Judge Johnston's recommendation that these claims do not survive deferential review.

## II. Failure to Put on Favorable Evidence

Judge Johnston found that MacGregor had not met his burden to show that counsel was deficient by failing to argue that MacGregor was denied the opportunity to put on allegedly exculpatory evidence in the form of witness testimony and video footage. MacGregor claims that he would have prevailed in his defense of involuntary intoxication if he had been able to introduce video footage captured on the bowling alley's security cameras. MacGregor claims that this footage would show that, prior to shooting his former wife and nanny, he was given a cookie that, unbeknownst to him, was laced with marijuana. Judge Johnston explained that appellate counsel's decision not to pursue this claim was reasonable given that there was no indication that testimony from Michelle Huff and the video footage would have been favorable to MacGregor, nor was there any indication that this footage exists. (Doc. 7 at 12–19.)

In response, MacGregor presents a 2010 affidavit from Michelle Anderson

-5-

indicating the existence of the bowling alley footage. Anderson states, "we have video sarvallence (sic)—Don't know how good—fairly new system + bugs not worked out—still trial stage. I do know the date is one day off so you want 4/14/10 which really is 4/15/10." (Doc. 8-1 at 1.) Apparently, this footage was never obtained. However, absent some indication that the footage would have been helpful to MacGregor's claim of involuntary intoxication, the Court cannot conclude that appellate counsel was deficient for failing to raise the issue. As noted by Judge Johnston, given the number of people who testified that they did not see any cookies at the bowling alley, counsel could well have determined that MacGregor had stronger claims for his appeal. Declining to raise a claim on appeal does not constitute deficient performance unless the claim was plainly stronger than those presented to the appellate court. *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017). For this reason, the Court agrees that MacGregor has not overcome AEDPA deference.

### III. Due Process Violation Relative to Appointed Co-Counsel

Judge Johnston determined that MacGregor had not alleged a violation of "clearly established federal law" in his claim that he was entitled to a repeat or reverse *Faretta*-style hearing. (Doc. 7 at 23.)

Instead of objecting to this finding directly, MacGregor generally asserts that trial co-counsel's performance itself was defective, because he raised only two

objections at trial and failed to provide a curative jury instruction, among other errors. (Doc. 8 at 6–7.)

In alleging ineffective assistance of appellate counsel for failing to raise issues concerning the effectiveness of trial counsel, the court must first assess the merits of the claim that trial counsel provided constitutionally deficient representation. *Moormann*, 628 F.3d at 1106–07. "If trial counsel's performance was not objectively unreasonable or did not prejudice [MacGregor], then appellate counsel did not act unreasonably in failing to raise a meritless claim of ineffective assistance of counsel, and [MacGregor] was not prejudiced by appellate counsel's omission." *Id.*

MacGregor's claim suffers from an additional wrinkle. Instead of claiming a violation of the Sixth Amendment right to effective assistance of counsel, he claims a violation of his right to effective assistance of co-counsel. While the Supreme Court has recognized the efficacy of hybrid representation to aid pro se criminal defendants, *see Mayberry v. Pennsylvania*, 400 U.S. 455, 467–68 (1971), this Court finds no indication that the Supreme Court nor the Ninth Circuit recognizes any constitutional right to advisory counsel. *See United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) ("A defendant does not have a constitutional right to 'hybrid' representation.") (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)); *Yokely v. Hedgepeth*, 801 F. Supp. 2d 925, 945 (C.D. Cal.

2011). The Court is not convinced that there is any legal basis on which MacGregor can assert that appellate counsel acted unreasonably by failing to raise ineffective assistance of co-counsel. Even if there is such a right, the Court does not find that MacGregor has alleged a meritorious claim here for the reasons given by the state court. (Doc. 7-1 at 15–16, 19.) Reviewing de novo, the Court concludes that MacGregor cannot overcome AEDPA deference on this claim.

## IV. Right to Access the Courts

Judge Johnston determined that MacGregor lacked merit and a basis in federal law for his claim that his rights to due process and access the courts was violated when the Montana Supreme Court denied MacGregor's initial appeal and subsequent request for substitute appellate counsel. (Doc. 7 at 19–23.)

MacGregor does not appear to object and so the Court reviews for clear error. Having done so, the Court finds no error in the determination that MacGregor has had ample access to the courts and that there is no clearly established federal right to appellate counsel of choice.

## V. Additional Objections

MacGregor raises three additional arguments. First he contends that his claim for vindictive prosecution was wrongly dismissed when he was punished by trial counsel for exercising his right to self-representation. (Doc. 8 at 8–9.) Additionally, MacGregor argues that his Fifth Amendment right against self-

incrimination was violated when the state used information obtained in the Court-ordered mental evaluation which impacted the outcome of trial. (Doc. 8 at 9–10.) Lastly, MacGregor contends that he was denied due process of law when he was denied the opportunity for a hearing on his claim of cumulative error. (Doc. 8 at 10–11.)

These claims were not raised in MacGregor's federal habeas petition and were therefore not considered by Judge Johnston. This Court will not consider new legal arguments raised in the objections to the Findings and Recommendations. *Greenhouse v. Security of Health & Human Servc.*, 863 F.2d 633, 638–39 (9th Cir. 1998) (stating that "allowing the parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and preset a different theory to the district court would frustrate the purpose of the Magistrate Act."); *Keen v. Noble*, 2007 U.S. Dist. LEXIS 69629 (E.D. Cal.) (stating "new evidence and arguments should not be raised in objections to Findings and Recommendations".). For this reason, the Court dismisses these claims as not properly before the Court.

VI. Certificate of Appealability

Judge Johnston recommended this Court deny a certificate of appealability because MacGregor's claims lack merit and juror of reason are not likely to disagree. (Doc. 7 at 28–29.) MacGregor objects and asked the Court to provide

a hearing for his claims. (Doc. 8 at 1–2.) Reviewing de novo, the Court agrees that a hearing is unnecessary because MacGregor has failed to allege adequate legal grounds for his habeas petition. The Court agrees and denies the certificate of appealability.

Having reviewed each of MacGregor's objections, the Court adopts the Findings and Recommendations in full.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 7) is ADOPTED IN FULL.

1. MacGregor's Petition (Doc. 1) is DENIED for lack of merit. His claims do not survive deferential review under 28 U.S.C. § 2254(d).

2. The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 15th day of January, 2019.

Dana L. Christensen, Chief Judge
United States District Court